PER CURIAM.
The Civil Procedure Rules Committee of The Florida Bar has petitioned this Court to adopt Florida Rules of Civil Procedure Form 1.995, setting forth standardized forms for a final judgment of replevin. We have jurisdiction. Art. V, § 2(a), Fla. Const.
At its September 1997 meeting, the Committee voted unanimously to send the proposed amendment to the Court outside of the four-year cycle for court rule amendments. In November 1997, The Florida Bar Board of Governors unanimously approved the proposed forms. The proposed forms were published in the May 1, 1998, issue of The Florida Bar News. We received a comment from attorney Steven D. Rubin, who was concerned about language in the forms referring to a “writ of possession” instead of a “writ of replevin.” We referred this comment to the Committee, which advised this Court that the language of the proposed forms conforms with the language found in section 78.19(2), Florida Statutes (1997). We agree with the Committee and approve the Committee’s proposed amendment, which is appended to this opinion. This amendment shall become effective as of the date of this opinion.
It is so ordered.
HARDING, C.J., and OVERTON, SHAW, KOGAN, WELLS, ANSTEAD and PARIENTE, JJ., concur.
APPENDIX
FORM 1.995. FINAL JUDGMENT OF REPLEVIN
(a) Judgment in Favor of Plaintiff when Plaintiff Has Possession.
FINAL JUDGMENT OF REPLEVIN
This matter was heard on plaintiffs complaint. On the evidence presented
IT IS ADJUDGED that:
1. Plaintiff has the right against defendant to retain possession of the following described property:
[list the property and include a value for each item]
2. Plaintiff shall recover from defendant the sum of $_ as damages for the detention of the property and the sum of $_ as costs, making a total of $_, which shall bear interest at the rate of_% per year, for which let execution issue.
ORDERED at _, Florida, on _[date].
[[Image here]]
Judge
NOTE: This form applies when the plaintiff has recovered possession under a writ of replevin and prevailed on the merits. Pursuant to section 78.18, Florida Statutes (1995), paragraph 2 of the form provides that the plaintiff can also recover damages for the wrongful taking and detention of the property, together with costs. Generally these damages are awarded in the form of interest unless loss of use can be proven. Ocala Foundry & Machine Works v. Lester, 49 Fla. 199, 38 So. 51 (1905).
If the defendant has possession of part of the property, see form 1.995(b).
(b) Judgment in Favor of Plaintiff whén Defendant Has Possession.
*181 FINAL JUDGMENT OF REPLEVIN
This matter was heard on plaintiffs complaint. On the evidence presented
IT IS ADJUDGED that:
1. Plaintiff has the right against defendant to possession of the following described property:
[list the property and include a value for each item]
for which the clerk of the court shall issue a writ of possession; or
2. Plaintiff shall recover from defendant [if applicable add “and surety on the forthcoming bond”] the sum of $_for the value of the property, which shall bear interest at the rate of_% per year, for which let execution issue.
3. Plaintiff shall recover from defendant the sum of $_ as damages for the detention of the property and the sum of $_ as costs, making a total of $_, which shall bear interest at the rate of_% per year, for which let execution issue.
ORDERED at _, Florida, on _[date].
[[Image here]]
Judge
NOTE: This form applies when the plaintiff prevails on the merits and the defendant retains possession of the property. Section 78.19, Florida Statutes (1995), allows the plaintiff to recover the property or its value or the value of the plaintiffs lien or special interest. The value for purposes of paragraph 2 is either the value of the property or the value of the plaintiffs lien or special interest.
Paragraph 3 of the form provides for damages for detention only against the defendant because the defendant’s surety obligates itself only to ensure forthcoming of the property, not damages for its detention.
Pursuant to section 78.19(2), Florida Statutes, paragraphs 1 and 2 of the form provide the plaintiff the option of obtaining either a writ of possession or execution against the defendant and defendant’s surety on a money judgment for property not recovered. Demetree v. Stramondo, 621 So.2d 740 (Fla. 5th DCA 1993). If the plaintiff elects the writ of possession for the property and the sheriff is unable to find it or part of it, the plaintiff may immediately have execution against the defendant for the whole amount recovered or the amount less the value of the property found by the sheriff. If the plaintiff elects execution for the whole amount, the officer shall release all property taken under the writ.
If the plaintiff has possession of part of the property, see form 1.995(a).
(c) Judgment in Favor of Defendant when Defendant Has Possession under Forthcoming Bond.
FINAL JUDGMENT OF REPLEVIN
This matter was heard on plaintiffs complaint. On the evidence presented
IT IS ADJUDGED that:
1. Defendant has the right against plaintiff to possession of the following described property:
[list the property and include a value for each item]
2. Defendant retook possession of all or part of the property under a forthcoming bond, and defendant’s attorney has reasonably expended_hours in representing defendant in this action and $_is a reasonable hourly rate for the services.
3. Defendant shall recover from plaintiff the sum of $_for the wrongful taking of the property, costs in the sum of $_, and attorney fees in the sum of $_, making a total of $_, which shall bear interest at the rate of_% per year, for which let execution issue.
ORDERED at _, Florida, on _[date].
[[Image here]]
Judge
NOTE: This form applies when the defendant prevails and the property was retained by or redelivered to the defendant. Section 78.20, Florida Statutes (1995), provides for an award of attorney fees. The prevailing defendant may be awarded possession, dam *182 ages, if any, for the taking of the property, costs, and attorney fees.
If the plaintiff has possession of part of the property, see form 1.995(d).
(d) Judgment in Favor of Defendant when Plaintiff Has Possession.
FINAL JUDGMENT OF REPLEVIN
This matter was heard on plaintiffs complaint. On the evidence presented
IT IS ADJUDGED that:
1. Defendant has the right against plaintiff to recover possession of the following described property:
[list the property and include a value for each item]
for which the clerk of the court shall issue a writ of possession; or
2. Defendant shall recover from plaintiff [if applicable add “and surety on plaintiffs bond”] the sum of $_for the value of the property, which shall bear interest at the rate of_% per year, for which let execution issue.
3. Defendant shall recover from plaintiff the sum of $_as damages for detention of the property and the sum of $_ as costs, making a total of $_, which shall bear interest at the rate of_% per year, for which let execution issue.
ORDERED at _, Florida, on _[date].
[[Image here]]
Judge
NOTE: This form should be used when the defendant prevails but the plaintiff has possession of the property. Section 78.21, Florida Statutes (1995), does not provide for an award of attorney fees when the defendant prevails and possession had been temporarily retaken by the plaintiff. Sections 78.21 and 78.19 allow the defendant to recover the property or its value or the value of the defendant’s special interest.
Paragraphs 1 and 2 of the form provide to the defendant the option of obtaining either a writ of possession or execution against the plaintiff and plaintiffs surety on a money judgment for property not recovered and costs. Demetree v. Stramondo, 621 So.2d 740 (Fla. 5th DCA 1993). If the defendant elects the writ of possession for the property and the sheriff is unable to find it or part of it, the defendant may immediately have execution against the plaintiff and surety for the whole amount recovered or the amount less the value of the property found by the sheriff. If the defendant elects execution for the whole amount, the officer shall release all property taken under the writ.
If the defendant has possession of part of the property, see form 1.995(c).